*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Lisa Lewandowski, | |
| Plaintiff, | |
| —v— | |
| Columbia College Chicago, an Illinois not-for-profit corporation, | |
| Defendant. | **Jury Trial Demanded** |

# Complaint

Plaintiff complains of defendant as follows:

## Nature of action

1.      Plaintiff Lisa Lewandowski, a former employee of defendant Columbia College Chicago, sues to redress the legal and equitable wrongs she suffered when defendant discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 and/or retaliated against her and interfered with her legal rights in violation of the Family and Medical Leave Act of 1993.

## Parties

2.      Plaintiff is Lisa Lewandowski, a former employee of defendant.

3.      Defendant is Columbia College Chicago, an Illinois not-for-profit corporation.

## Ms. Lewandowski's employment with defendant

4.      Ms. Lewandowski began working for defendant around 1998.

5.      From the beginning of Ms. Lewandowski's employment until she complained of sexual harassment and until she filed a Charge of Discrimination

with the EEOC, defendant gave Ms. Lewandowski many raises, awarded her many bonuses, gave her glowing performance reviews, and promoted her several times. See, September 1, 2003 memo from Vice President R. Michael DeSalle to Lisa Lewandowski, September 1, 2004 letter from Dean Cheryl Johnson-Odim to Lisa Lewandowski, May 3, 2005 letter from Human Resources Director Patricia Olalde to Lisa Lewandowski, September 1, 2005 letter from Dean Leonard Lehrer to Lisa Lewandowski, and September 1, 2006 letter from Dean Lehrer to Lisa Lewandowski, all attached to the Complaint as Exhibits 1 through 5, respectively.

6.      Defendant first employed Ms. Lewandowski in the costume shop, promoted her to the Career Center for the Arts and Media, and then, around 2003, again promoted her, this time to Administrative Assistant to the Program Director of Early Childhood Education.

7.      Around May 2005, defendant again promoted Ms. Lewandowski, this time to Assistant to the Dean of the School of Fine and Performing Arts.  In that position, Ms. Lewandowski's direct supervisor was Leonard Lehrer, the Dean of the School of Fine and Performing Arts.

8.      Until Ms. Lewandowski complained of sexual harassment and filed a Charge of Discrimination with the EEOC, defendant regarded Ms. Lewandowski as an extremely-valued employee who generally met and/or exceeded defendant's legitimate job performance expectations.  See Exhibits 1 through 5 attached to this Complaint.

2

## Ms. Lewandowski complains of sexually-harassing emails

9.      From around the fall of 2005 through 2007, Ms. Lewandowski began

receiving crude and sexually-harassing e-mails.

10.      Ms. Lewandowski complained to defendant of these sexually-harassing

e-mails.

11.      Though defendant allegedly investigated these e-mails and their origins,

defendant claimed to be unable to determine the identity of the sender of these

emails.

## Dean Leonard Lehrer sexually harasses Ms. Lewandowski

12.      Soon after defendant promoted Ms. Lewandowski to Assistant to the Dean

of the School of Fine and Performing Arts around May of 2005,

Ms. Lewandowski's direct supervisor, Leonard Lehrer, the Dean of the School,

began hugging Ms. Lewandowski repeatedly and repeatedly asking her to kiss

him.

13.      Each and every time Dean Lehrer made such sexual advances,

Ms. Lewandowski informed Dean Lehrer that she was uninterested in anything

but a professional relationship with him.

14.      Despite her refusal to engage in anything other than a professional

relationship with Dean Lehrer, Dean Lehrer escalated his sexual advances

towards Ms. Lewandowski.

15.      Sometime around October 2006, Dean Lehrer told Ms. Lewandowski that

he loved her, that he could not control his feelings for her, and that he could not

control himself around her.  At that time, Dean Lehrer also told

Ms. Lewandowski that he wanted to wake up in her bed and to have her bear his

children, and he also tried to physically embrace Ms. Lewandowski and kiss her.

## Ms. Lewandowski complains of Dean Lehrer's sexual harassment

16.      Ms. Lewandowski complained of Dean Lehrer's sexual harassment to

defendant's human resources department shortly after this October 2006

incident.

17.      Despite Ms. Lewandowski's protests and complaints, Dean Lehrer did not

stop sexually harassing her, and, in early December 2006, Ms. Lewandowski filed

a Charge of sexual harassment with the EEOC.  See, EEOC Charge of

Discrimination #440-2007-01833, attached to this Complaint as Exhibit 6.

## Defendant and Ms. Lewandowski settle the charge of discrimination

18.      Ms. Lewandowski and defendant mediated Ms. Lewandowski's Charge and

entered into an agreement that Ms. Lewandowski would be given a new

permanent position as the Assistant to Vice President Anne Foley, the Vice

President of Administration, Research & Planning.

## Defendant retaliates against Ms. Lewandowski

19.      On Ms. Lewandowski's first day in her new position under Vice President

Foley, Vice President Foley told Ms. Lewandowski that, contrary to the settlement

Ms. Lewandowski and the defendant had mediated at the EEOC, the position was

not permanent.

20.      On approximately August 1, 2007, contrary to the settlement

Ms. Lewandowski and the defendant had mediated at the EEOC, defendant

4

returned Ms. Lewandowski to her previous position of Assistant to the Dean of the School of Fine and Performing Arts.

21.      After defendant returned Ms. Lewandowski to her prior position as Assistant to the Dean of the School of Fine and Performing Arts, defendant denied Ms. Lewandowski her own computer which she needed to do her work, took Ms. Lewandowski's former office space away, assigned Ms. Lewandowski's former assistants elsewhere, withheld work-related information from Ms. Lewandowski, and made Ms. Lewandowski do extra, unnecessary work.

22.      In August 2007, Dean Eliza Nichols became Ms. Lewandowski's direct supervisor.  Dean Nichols worked out of New York and, as a result, was unfamiliar with Ms. Lewandowski's performance.

## Defendant fires Ms. Lewandowski the day before her scheduled FMLA leave

23.      On October 18, 2007, Ms. Lewandowski was scheduled to take a pre-approved Family and Medical Leave Act leave for knee surgery.  See, September 25, 2007 Employee Request for Family or Medical Leave signed by Dean Nichols and October 12, 2007 Certification of Health Care Provider, attached to this Complaint as Exhibits 7 and 8 respectively.

24.      One day before Ms. Lewandowski was to begin her pre-approved, scheduled Family and Medical Leave Act leave, Dean Nichols terminated Ms. Lewandowski's employment.  See, October 17, 2007 letter from Benefits Manager Mora to Lisa Lewandowski, attached to this Complaint as Exhibit 9.

25.      The reason defendant gave Ms. Lewandowski for firing her was that it allegedly "could not trust [Ms. Lewandowski] anymore".

5

**<u>Damages</u>**

26.　　　As a proximate result of defendant's actions and omissions as pled,

Ms. Lewandowski lost wages, lost employment benefits, lost educational benefits,

suffered pain, and suffered other damages.

**<u>Jurisdiction and venue</u>**

27.　　　This Court has jurisdiction under §706(f)(3) of Title VII of the Civil Rights

Act of 1964, as amended [42 U.S.C. §2000e-5(f)(3)], under §107(a)(2) of the

Family and Medical Leave Act of 1993 [29 U.S.C. §2617(a)(2)], and under §§1331

and 1343 of the Judicial Code [28 U.S.C. §§1331 and 1343] and has supplemental

jurisdiction under §1367 of the Judicial Code [28 U.S.C. §1367].

28.　　　The acts and/or omissions complained of occurred in the Northern District

of Illinois, Eastern Division.  Venue is proper by § 1391(b) of the Judicial Code

[28 U.S.C. § 1391(b)].

# Count I - Sexual Harassment

29.　　　Ms. Lewandowski realleges paragraphs 1 through 28 of this Complaint.

**<u>Title VII coverage</u>**

30.　　　At all times when defendant employed Ms. Lewandowski, among other

times, defendant was an "employer" within the definition of §701(b) of Title VII

of the Civil Rights Act of 1964 [42 U.S.C. §2000e(b)].

31.　　　At all times when Ms. Lewandowski was employed by defendant,

Ms. Lewandowski was an "employee" within the definition of §701(f) of Title VII

of the Civil Rights Act of 1964 [42 U.S.C. §2000e(f)].  From 2005 to 2008,

Ms. Lewandowski was also a student at defendant, pursuing a Masters of Fine Arts.

## Fulfillment of conditions precedent

32.     Ms. Lewandowski has fulfilled all conditions precedent to the filing of this Title VII claim.  Copies of Ms. Lewandowski's EEOC Charges of Discrimination #440-2007-01833 and #440-2008-07323 are attached to this Complaint as Exhibits 6 and 10 respectively.  Copies of the EEOC's Notices of Right to Sue for those Charges are attached to this Complaint as Exhibits 11 and 12 respectively.

## <u>Sexual harassment</u>

33.     Defendant, by the actions and/or omissions alleged, sexually harassed Ms. Lewandowski and thereby discriminated against her on the basis of her sex in the terms and conditions of her employment.

## <u>Damages</u>

34.     As a proximate result of this discrimination, Ms. Lewandowski suffered the damages alleged.

35.     Defendant discriminated against Ms. Lewandowski with malice or reckless indifference to her federally protected rights.

36.     To deter future malice or reckless indifference to the federally protected rights of employees by defendant and other employers and to punish defendant for its malice or reckless indifference to the federally protected rights of Ms. Lewandowski, exemplary damages should be awarded.

***Wherefore***, Plaintiff Lisa Lewandowski prays for:

a.             A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

b.             An Order requiring defendant to post notices concerning its duty to refrain from sexually harassing its employees and/or students;

c.             An Order enjoining defendant from sexually harassing its employees and/or students;

d.             Reinstatement to her position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

e.             Back pay, employment benefits, educational benefits, and other compensation lost to her as a result of defendant's sexual harassment of her;

f.             Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendant's sexual harassment of her;

g.             Compensatory damages for the harm she suffered as a result of defendant's sexual harassment of her;

h.             Exemplary damages;

i.             Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

j.             Such other relief as this Court deems just and appropriate.

## Count II – Title VII Retaliation

37.         Ms. Lewandowski realleges paragraphs 29 through 32 of this Complaint.

## **Retaliation**

38.        Defendant, by the actions and/or omissions alleged, retaliated against

Ms. Lewandowski for opposing sexual harassment in the terms and conditions of

her employment in violation of Title VII of the Civil Rights Act of 1964 and/or for

participating in a Charge of Discrimination before the EEOC.

## **Damages**

39.        As a proximate result of this retaliation, Ms. Lewandowski suffered the

damages alleged.

40.        Defendant retaliated against Ms. Lewandowski with malice or reckless

indifference to her federally protected rights.

41.        To deter future malice or reckless indifference to the federally protected

rights of employees by defendant and other employers and to punish defendant

for its malice or reckless indifference to the federally protected rights of

Ms. Lewandowski, exemplary damages should be awarded.

*Wherefore*, Plaintiff Lisa Lewandowski prays for:

  a.        A settlement conference pursuant to Federal Rule of Civil Procedure

  16 to assist her and defendant to settle this case;

  b.        An Order requiring defendant to post notices concerning its duty to

  refrain from retaliating against its employees and/or students in violation

  of Title VII of the Civil Rights Act of 1964;

  c.        An Order enjoining defendant from retaliating against its

  employees and/or students in violation of Title VII of the Civil Rights Act

  of 1964;

d.            Reinstatement to her position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

e.            Back pay, employment benefits, educational benefits, and other compensation lost to her as a result of defendant's retaliating against her in violation of Title VII of the Civil Rights Act of 1964;

f.            Prejudgment interest at the prevailing rate on the award of back pay, lost employment benefits, and other compensation lost to her as a result of defendant's retaliating against her in violation of Title VII of the Civil Rights Act of 1964;

g.            Compensatory damages for the harm she suffered as a result of defendant's retaliating against her in violation of Title VII of the Civil Rights Act of 1964;

h.            Exemplary damages;

i.            Reasonable attorney's fees, expert witness fees, expenses, and costs of this action and of prior administrative actions; and

j.            Such other relief as this Court deems just and appropriate.

## Count III − FMLA Retaliation

42.        Ms. Lewandowski realleges paragraphs 1 through 28 of this Complaint.

**FMLA coverage**

43.        At all times when defendant employed Ms. Lewandowski, among other times, defendant was an "employer" within the definition of §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

44.     Immediately prior to defendant's termination of Ms. Lewandowski's employment, Ms. Lewandowski was an "eligible employee" within the definition of §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

## FMLA retaliation

45.     Defendant, by the actions and/or omissions alleged, retaliated against Ms. Lewandowski and/or discriminated against her for her exercise of her rights under the Family and Medical Leave Act of 1993 in violation of the anti-interference and anti-discrimination provisions of §105(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation and anti-discrimination regulation [29 C.F.R. §825.220].

## Damages

46.     As a proximate result of this retaliation, Ms. Lewandowski suffered the damages alleged.

*Wherefore*, Plaintiff Lisa Lewandowski prays for:

a.      A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

b.      Wages, employment benefits, educational benefits, and other compensation lost to her as a result of defendant's retaliation against her in violation of the Family and Medical Leave Act of 1993;

c.      Prejudgment interest at the prevailing rate from the date she was retaliated against to the date of judgment on the award of wages, employment benefits, and other compensation lost to her as a result of

11

defendant's retaliation against her in violation of the Family and Medical
Leave Act of 1993;

d.          Liquidated damages doubling the award of interest, wages, lost
employment benefits, and other compensation lost to her as a result of
defendant's retaliation against her in violation of the Family and Medical
Leave Act of 1993;

e.          Reinstatement to her position (or a comparable position) or, in the
alternative, pay for such a position for a reasonable time into the future;

f.          Reasonable attorney's fees and the costs and expenses of this action;
and

g.          Such other relief as this Court deems just and appropriate.

## Count IV – FMLA Interference

47.          Ms. Lewandowski realleges paragraphs 42 through 44 of this Complaint.

### FMLA interference

48.          Defendant, by firing Ms. Lewandowski, interfered with her exercise of her
then-current Family and Medical Leave Act rights and/or with her exercise of her
then-future Family and Medical Leave Act rights, all in violation of the
anti-interference provisions of §105(a) of the Family and Medical Leave Act of
1993 [29 U.S.C. §2615(a)] and/or of the Department of Labor's anti-retaliation
and anti-discrimination regulation [29 C.F.R. §825.220].

## **Damages**

49.      As a proximate result of this interference, Ms. Lewandowski suffered the damages alleged.

***Wherefore***, Plaintiff Lisa Lewandowski prays for:

    a.      A settlement conference pursuant to Federal Rule of Civil Procedure 16 to assist her and defendant to settle this case;

    b.      Wages, employment benefits, educational benefits, and other compensation lost to her as a result of defendant's interference with her rights under the Family and Medical Leave Act of 1993;

    c.      Prejudgment interest at the prevailing rate from the date of interference to the date of judgment on the award of wages, employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under the Family and Medical Leave Act of 1993;

    d.      Liquidated damages doubling the award of interest, wages, lost employment benefits, and other compensation lost to her as a result of defendant's interference with her rights under the Family and Medical Leave Act of 1993;

    e.      Reinstatement to her position (or a comparable position) or, in the alternative, pay for such a position for a reasonable time into the future;

    f.      Reasonable attorney's fees and the costs and expenses of this action; and

    g.      Such other relief as this Court deems just and appropriate.

# Count V – Illinois Common-Law Retaliatory Discharge

50.     Ms. Lewandowski realleges paragraphs 1 through 28 of this Complaint.

51.     The State of Illinois has a public policy that employees be free from retaliation for complaining about conduct that is potentially and/or colorably in violation of law.

52.     Defendant retaliated against Ms. Lewandowski in violation of this public policy by firing her.

**<u>Damages</u>**

53.     As a proximate result of this discrimination, Ms. Lewandowski suffered the damages alleged.

54.     To punish defendant for this retaliatory discharge and to deter future retaliatory discharges by defendant and other employers, exemplary damages should be awarded.

***Wherefore***, plaintiff Lisa Lewandowski prays that this Court enter judgment in her favor and against defendant Columbia Colleges Chicago for:

a.     an amount sufficient to fully and justly compensate her for the damages she suffered,

b.     exemplary damages, and

c.     such other relief as this Court deems just and appropriate.

# Count VI – Breach of Contract

55.     Ms. Lewandowski realleges ¶1 through 28 of this Complaint.

14

56.        Defendant's and Ms. Lewandowski's entered into a contract settling

Ms. Lewandowski's Charge of Sexual Harassment against the defendant.

57.        Ms. Lewandowski performed all conditions precedent of this contract.

58.        Defendant breached this contract by transferring Ms. Lewandowski to her

prior position as Assistant to Dean of the School of Fine and Performing Arts

and/or by firing her.

**Damages**

59.        As a proximate result of this discrimination, Ms. Lewandowski suffered the

damages alleged.

***Wherefore,*** plaintiff Lisa Lewandowski prays that this Court enter judgment in her

favor and against defendant Columbia College Chicago for:

a        lost wages and lost employment benefits (including educational benefits),

b.        costs and expenses of this action, and

c.        such other relief as this Court deems just and appropriate.

Lisa Lewandowski,
Plaintiff,

By:      s/David L. Lee
Her attorney

David L. Lee
ARDC #1604422
d-lee@davidleelaw.com
Law Offices of David L. Lee
53 W. Jackson Blvd., Suite 660
Chicago, IL 60604
312-347-4400

15