*In the United States District Court*
*for the Northern District of Illinois*
*Eastern Division*

| | |
|---|---|
| Lisa Lewandowski, <br><br> plaintiff, <br><br> – v – <br><br> Columbia College Chicago, an Illinois not-for-profit corporation, <br><br> defendant. | **# 09 CV 04949** <br><br> Judge Manning <br><br> Magistrate Judge Kim <br><br> **Jury trial demanded** |

**Plaintiff's Motion to Overrule Objections to and to Compel Responses to Requests for Admissions**

1. The Requests for Admissions at issue are quoted verbatim in defendant's Responses, which are attached to this Motion as Exhibit 1. (Because the Requests for Admissions are quoted verbatim in the Responses, the Requests for Admissions themselves are not separately attached to this Motion as an Exhibit.)

2. Before bringing this Motion, plaintiff's counsel and defendant's counsel made sincere attempts, both by correspondence and in a face-to-face meeting, to resolve the issues being presented. See, Declaration of David L. Lee and 7/16/10 letter from D. Lee to J. Kay, attached to this Motion as Exhibits 2 and 3, respectively.

3. On March 29, 2010, the Requests for Admissions were personally served on defendant's counsel. See, Declaration of David L. Lee, attached to this Motion as Exhibit 2, at ¶4.

4. Pursuant to agreement of the parties and Order of Court, defendant responded to the Requests for Admissions on June 30, 2010, which was 94 days

after the Requests were served. <u>See</u>, Responses to Requests for Admissions, attached to this Motion as Exhibit 1, at p. 37 (certificate of service); Orders of 4/20/10 (doc. #20), of 5/25/2010 (doc. #25), and of 6/11/2010 (doc. #29).

5. Pursuant to Federal Rules of Civil Procedure 36(a)(6) and Your Honor's Order of July 6, 2010 (doc. #31), plaintiff now moves as follows to overrule defendant's Objections to plaintiff's Requests for Admissions and to Compel Responses to those Requests:

**<u>Requested admissions of genuineness of documents</u>**:

6. The Requests for Admissions requested defendant to admit that various documents were "a true copy (except for a possible change in color, size, or double-sided printing) of a genuine original". <u>See</u>, Responses to Requests for Admissions, attached to this Motion as Exhibit 1, at ##1, 2.

7. Responses to Requests for Admissions explicitly carry their own "good-faith" requirement:

> "A denial [of a Request for Admission] must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

<u>See</u>, Federal Rule of Civil Procedure 36(a)(4).

8. Even though many of the documents, on their face:

- had been created by, signed by, sent to, received by, or cc'ed to agents or employees of defendant's whom defendant had listed as its witnesses on its Initial Disclosures, and/or

- been produced by defendant to plaintiff when plaintiff had requested her personnel file,

defendant nonetheless answered the requests to admit the genuineness of such documents with the boilerplate reply that "the information known by the defendant and readily available to it is insufficient to enable the defendant to admit or deny". Compare, defendant's Responses to Requests for Admissions, attached to this Motion as Exhibit 1, at ##1, 2 to its Initial Disclosures, attached to this Motion as Exhibit 4. See also, Declaration of David L. Lee, attached to this Motion as Exhibit 2 at ¶5.

9. In addition, the party responding to the Requests for Admissions "must do more than simply show that there is some metaphysical doubt as to the material facts". Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 at 586-87 (1986) (denying facts in opposition to a motion for summary judgment). Defendant nonetheless answered many of the Requests to admit the genuineness of documents with the boilerplate reply that "the information known by the defendant and readily available to it is insufficient to enable the defendant to admit or deny" based on what is at best "some metaphysical doubt" over the definition of an "original", such as:

- refusing to admit or deny the genuineness of the EEOC Charges of Discrimination and the EEOC Notices of Right to Sue on the grounds that it has never seen the EEOC's "original", even though the EEOC had mailed copies of these documents to the

> defendant, and defendant had relied on the copies of the Charges in responding to the EEOC's investigation,
>
> - refusing to admit or deny the genuineness of e-mails that had been written by and/or e-mailed by and/or received by witnesses listed as defendant's witnesses on defendant's Initial Disclosures (Ex. 4 hereto) because those exhibits to the Requests for Admissions had been printed-out by plaintiff from her e-mail account and defendant couldn't check the "original" on plaintiff's e-mail account.

See, defendant's Responses to Requests for Admissions, attached to this Motion as Exhibit 1, at ##1, 2; Declaration of David L. Lee, attached to this Motion as Exhibit 2, at ¶6.

10. Therefore, defendant's answers that "the information known by the defendant and readily available to it is insufficient to enable the defendant to admit or deny" the genuineness of the following Exhibits (which are attached to this Motion)[1] should be stricken, and defendant required to admit or deny the genuineness of those Exhibits, as follows:

> Exhibits 6 and 10 (EEOC Charges of Discrimination #440-2007-01833 and #440-2008-07323)

---

[1] These Exhibits have been redacted as required by the electronic-filing rules.

<u>Reason to compel admission or denial of genuineness of exhibit</u>:

The EEOC sent defendant copies of these Charges, which defendant relied on in responding to the EEOC investigation.

Exhibit 7 (9/25/07 Request for FMLA leave, signed by Dean Nichols)

<u>Reason to compel admission or denial of genuineness of exhibit</u>:

This document purports to be defendant's and the document's purported signatory (Dean Nichols) is listed as one of defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto).

Exhibit 8 (10/12/07 signed FMLA certification of Health Care Provider)

<u>Reason to compel admission or denial of genuineness of exhibit</u>:

This document should be in defendant's files.

Exhibits 11 and 12 (Notices of Right to Sue for Charge #440-2007-01833 and Charge #440-2008-07323)

<u>Reason to compel admission or denial of genuineness of exhibit</u>:

The EEOC sent defendant copies of these Notices of Right to Sue.

Exhibit 71 (4/12/2006 e-mails between Lewandowski and Olalde)

<u>Reason to compel admission or denial of genuineness of exhibit</u>:

The e-mails in this chain purport to be from and to Patricia Olalde, who is listed as one of defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto).

Exhibit 73 (5/13/2006 e-mail re: Sexual Harassment Workshop)

<u>Reason to compel admission or denial of genuineness of exhibit</u>:

The e-mails in this chain purport to be to, from, or cc'ed to

Stephanie Griffin, Leonard Lehrer, and James MacDonald, all of whom are listed as defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto).

Exhibit 94 (8/12/2007 letter from Lewandowski to Griffin)

<u>Reason to compel admission or denial of genuineness of exhibit</u>: This document is addressed to Stephanie Griffin, who is listed as one of defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto). In addition, this document was produced by defendant, as shown by the "LL" bates-stamping at the bottom. <u>See</u>, Declaration of David L. Lee, attached to this Motion as Exhibit 2 at ¶5. Finally, defendant admitted the genuineness of a document (Exhibit 96 – the 8/22/2007 letter from Griffin to Lewandowski) that appears to be a response to this Exhibit.

Exhibit 101 (9/25/2007 Employee Request for Family or Medical Leave)

<u>Reason to compel admission or denial of genuineness of exhibit</u>: this document purports to be signed by Eliza Nichols, who is listed as one of defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto). In addition, this document was produced by defendant, as shown by the "LL" bates-stamping at the bottom. <u>See</u>, Declaration of David L. Lee, attached to this Motion as Exhibit 2 at ¶5.

Exhibit 102 (Certification of Health Care Provider signed 10/12/2007)

-6-

>> Reason to compel admission or denial of genuineness of exhibit: This document was produced by defendant, as shown by the "LL" bates-stamping at the bottom. See, Declaration of David L. Lee, attached to this Motion as Exhibit 2 at ¶5.

> Exhibit 110 (10/17/2007 Ratliff e-mail re: Announcement)

>> Reason to compel admission or denial of genuineness of exhibit: This e-mail purports to be cc'ed to, among others, Eliza Nichols, James MacDonald, and Anne Foley, all of whom are listed as defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto)

> Exhibit 111 (10/19/2007, 10/24/2007 e-mails re: personal items)

>> Reason to compel admission or denial of genuineness of exhibit: This document is addressed to Stephanie Griffin, who is listed as one of defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto).

> Exhibit 115 (10/19/2007 e-mails re: Cobra paid by Columbia College)

>> Reason to compel admission or denial of genuineness of exhibit: Two of the three e-mails in this chain purport to be to or cc'ed to Stephanie Griffin, who is listed as one of defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto).

> Exhibit 123 (10/3/2008 notice of termination of Group Health coverage)

<u>Reason to compel admission or denial of genuineness of exhibit:</u>

This document purports to have been generated by defendant or its COBRA administrator.

Exhibit 124 (10/6/2008 certificate of health coverage)

<u>Reason to compel admission or denial of genuineness of exhibit:</u>

This document purports to have been generated by defendant or its benefit administrator.

Exhibit 130 (1/30/2008 Course and Fee Statement for Lisa Lewandowski)

<u>Reason to compel admission or denial of genuineness of exhibit:</u>

This document purports to have been generated by defendant.

Exhibit 132 (tuition records for Lisa Lewandowski)

<u>Reason to compel admission or denial of genuineness of exhibit:</u>

This document purports to have been generated by defendant.

Exhibit 133 (7/24/2007 letter re: Assistant to the Dean position)

<u>Reason to compel admission or denial of genuineness of exhibit:</u>

This e-mail purports to be to Eliza Nichols, who is listed as one of defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto).

Exhibit 134 (7/24/2007 Dean Nichols Out of Office AutoReply).

<u>Reason to compel admission or denial of genuineness of exhibit:</u>

This e-mail purports to be from Eliza Nichols, who is listed as one of defendant's witnesses in defendant's Initial Disclosures (Ex. 4 hereto).

**Defendant's objections to requested admissions of fact:**

<u>Requested admission about plaintiff's status when she complained of sexual harassment</u>

11.  Defendant objected to the following Request for Admission as to plaintiff's status when she complained of sexual harassment. However, that objection should be overruled, and defendant required to admit or deny the facts, as follows:

> "7.  When Ms. Lewandowski complained of Dean Lehrer's sexual harassment of her, Ms. Lewandowski was enrolled as a student at defendant.
>
>> <u>Objection</u>. The request is vague with regard to the term 'complained' and does not state when the alleged complaint was made."

<u>Reason objection should be withdrawn</u>: "Complained" not vague, as is shown by defendant's own use of a form of that word with regard to the situation inquired into in this Request for Admission. <u>See</u>, the heading of Exhibit 75, p. 1 (admitted genuine by defendant) "<u>Complaint</u> by Lisa Lewandowski, Assistant to the Dean, about inappropriate behavior by Leonard Lehrer …." (emphasis added).

<u>Requested admission about the results of plaintiff's sexual-harassment complaint</u>

12.  Defendant objected to the following Request for Admission concerning the results of its investigation of plaintiff's sexual-harassment complaint. However, that objection should be overruled, and defendant required to admit or deny the facts, as follows:

-9-

> "106. In investigating the complaint that Dean Lehrer sexually-harassed Ms. Lewandowski, defendant determined that Dean Lehrer did sexually-harass Ms. Lewandowski.
>
> Objection. This request calls for a legal conclusion."

Reason objection should be overruled: The requested admission goes to "facts, the application of law to fact, or opinions about either", as is specifically authorized by Rule 36(a)(1)(A).

Requested admission about number of employees working in office at various times

13. Defendant objected to the following Request for Admission that compares the number of employees who worked in the office plaintiff worked in when plaintiff worked there to the number of employees in that office now. However, that objection should be overruled, and defendant required to admit or deny the facts, as follows:

> "102. At the time these Requests for Admissions were served, defendant is employing more individuals in the Office of the Dean of the School of Fine and Performing Arts than when Ms. Lewandowski was working for defendant.
>
> Objection. The number of employees working in the Office of the Dean of the School of Fine and Performing Arts is irrelevant to the present litigation. Further objecting, the defendant states that the request is vague with regard to the time when the plaintiff 'was working for

defendant' and therefore renders it incapable of response."

<u>Reason objection should be overruled</u>: This Request for Admission is relevant because defendant's response could help establish that plaintiff was not laid off due to a downsizing of the Office of the Dean. Further, the time "when Ms. Lewandowski was working for defendant" is a definite time and, therefore, not vague.

<u>Requested admissions about other employees whom defendant fired</u>

14. Defendant objected on grounds of relevance to the following Requests for Admissions about other employees whom it fired. Those objections should be overruled, and defendant required to admit or deny the facts, as follows:

> "95. Defendant has fired other employees who have filed Charges of Discrimination against defendant."

> "96. Defendant has fired other employees who have filed internal complaints of discrimination against defendant."

<u>Reason objections should be overruled</u>: These Requests for Admissions are relevant because they could help establish that defendant has a pattern of firing employees who have filed internal or external complaints of discrimination against it.

<u>Requested admissions re: another employee's retaliation allegations against defendant</u>

15. Defendant objected on grounds of relevance to the following Requests for Admissions about allegations of retaliation that another fired employee made

-11-

against it. Those objections should be overruled, and defendant required to admit or deny the facts, as follows:

> "97. Debbie Sandlin has filed a lawsuit against defendant for discrimination and retaliation."
>
> "98. Debbie Sandlin is alleging that defendant retaliated against her by taking away her teaching privileges and by firing her after she complained to defendant of discrimination."

<u>Reason objections should be overruled</u>: These Requests for Admissions are relevant because they could help establish that defendant has a pattern of firing employees who have complained of discrimination and/or retaliation.

<u>Requested admissions about the contents of plaintiff's personnel file</u>:

16. Defendant objected on grounds of relevance to the following Requests for Admissions about the documents that defendant produced to plaintiff pursuant to plaintiff's request for her personnel file. Those objections should be overruled, and defendant required to admit or deny the facts, as follows:

> "124. On or about 11/30/07, pursuant to Ms. Lewandowski's request to review her personnel file, defendant tendered to Ms. Lewandowski pages 1 through 339 of the personnel file defendant maintained on her and did not, pursuant to that request, tender Ms. Lewandowski any other pages purporting to be from her personnel file."
>
> "125. Pages 1 through 339 of the personnel file that Ms. Lewandowski reviewed on or about 11/30/2007 constituted the

entirety of Ms. Lewandowski's personnel file with defendant as of that date."

"126. The 339 labeled pages that defendant produced to Ms. Lewandowski on or about 11/30/2007 did not include the requested leave paperwork or other medical paperwork that Ms. Lewandowski had submitted to defendant for her surgery prior to October 2007."

"127. The 339 labeled pages that defendant produced to Ms. Lewandowski on or about 11/30/2007 did not include the paperwork transferring Ms. Lewandowski from the Office of the Dean of the School of Fine and Performing Arts to the Associate Provost's office."

"128. The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include paperwork detailing a change in Ms. Lewandowski's responsibilities as Assistant to the Dean of the School of Fine and Performing Arts from October 2006 through the termination of Ms. Lewandowski's employment with defendant."

"129. The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include paperwork that gave reasons for changes in Ms. Lewandowski's responsibilities as Assistant to the Dean of the School of Fine and Performing Arts

> from October 2006 through the termination of Ms. Lewandowski's employment with defendant."

"130.   The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include defendant's response to Ms. Lewandowski's October 11, 2007 concerns as detailed in Exhibit 99 that is attached to the Requests for Admissions."

"132.   The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include the responses that Stephanie Griffin received to her 9/12/2006 email to Bernadette McMahon, attached as Exhibit 62 to these Requests for Admissions."

"133.   The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include the Charges of Discrimination that Ms. Lewandowski had filed against defendant."

"134.   The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include any correspondence on the Charges of Discrimination that Ms. Lewandowski had filed against defendant."

"135.   The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include the entirety of defendant's investigative findings of Ms. Lewandowski's complaints

>of inappropriate emails that she had received at her work email address with defendant."

<u>Reasons objections should be overruled</u>: These Requests for Admission are relevant because defendant's response could help establish which documents were and which documents were not in plaintiff's personnel file as of 11/30/07, which could lead to evidence of pretext should defendant claim other documents were in the personnel file. These Requests for Admissions are also relevant because defendant's response could help exclude from evidence any other documents that defendant later claims were in plaintiff's personnel file. <u>See</u>, Illinois Personnel Record Review Act, §4 [820 ILCS 40/4].

17. Considering that these Requests for Admissions were served in March 2010, plaintiff requests that Your Honor exercise your discretion under Federal Rule of Civil Procedure 36(a)(3) to shorten the time for defendant to respond to these Requests. Plaintiff recommends ten days as an appropriate amount of time.

**Wherefore**, plaintiff moves to compel defendant to admit or deny the genuineness of plaintiff's exhibits 6, 7, 8, 10, 11, 12, 71, 73, 94, 101, 102, 110, 111, 115, 123, 124, 130, 132, 133, and 134, to overrule defendant's objections to and to compel responses to plaintiff's Requests for Admissions 7, 95 - 98, 102, 106, 124 - 130, 132 - 135, and to require the compelled responses to be made within ten days of Your Honor's Order.

| | |
|---|---|
| David L. Lee<br>ARDC #1604422<br>53 W. Jackson Blvd., Suite 505<br>Chicago, IL 60604<br>312-347-4400<br>d-lee@davidleelaw.com | Lisa Lewandowski,<br>Plaintiff,<br><br>By:    <u>s/David L. Lee</u><br>Her attorney |

**Proof of service**:  David L. Lee, an attorney, certifies that this Motion was served on defendant's attorney by  ECF on July 16, 2010.

s/David L. Lee<br>
David L. Lee

David L. Lee
ARDC #1604422
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 505
Chicago, IL  60604
312-347-4400
d-lee@davidleelaw.com