# Exhibit 1

# Defendant's Responses to Requests for Admissions

## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LISA LEWANDOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:09-cv-04949 |
| vs. | ) | |
| | ) | Judge: Blanche M. Manning |
| COLUMBIA COLLEGE CHICAGO, an Illinois | ) | Magistrate: Young Kim |
| not-for-profit corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S ANSWERS TO PLAINTIFF'S REQUEST FOR ADMISSIONS

The defendant, Columbia College Chicago, by and through its attorneys, Tribler Orpett &

Meyer, P.C., answers the plaintiff's request for admissions as follows:

1.      Each of the following documents previously provided in this litigation as an Exhibit to the Amended Complaint is a true copy (except for a possible change in color, size, or double-sided printing) of a genuine original:

| Exhibit | Description |
|---|---|
| 1 | 9/1/03 memo from Vice President DeSalle |

**ANSWER:**    The defendant admits that Exhibit 1 is a true copy of the genuine original.

| | |
|---|---|
| 2 | 9/1/04 letter from Dean Johnson-Odim |

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 2 is a true copy of the genuine original.

| | |
|---|---|
| 3 | 9/3/05 letter from HR Director Olalde |

**ANSWER:**    The defendant admits that Exhibit 3 is a true copy of the genuine original.

       4                                     9/1/05 letter from Dean Lehrer

**ANSWER:**    The defendant admits that Exhibit 4 is a true copy of the genuine original.

       5                                     9/1/06 letter from Dean Lehrer

**ANSWER:**    The defendant admits that Exhibit 5 is a true copy of the genuine original.

       6                              Charge of Discrimination #440-2007-01833

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 6 is a true copy of the genuine original. The defendant does not have access to the original Charge of Discrimination generated by the EEOC.

       7                     9/25/07 Request for FMLA leave, signed by Dean Nichols

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 7 is a true copy of the genuine original.

       8                   10/12/07 signed FMLA certification of Health Care Provider

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 8 is a true copy of the genuine original.

       9                     10/17/07 letter from Benefits Manager Mora

**ANSWER:**    The defendant denies that Exhibit 9 is a true copy of the genuine original as it appears to contain additional handwritten notes at the bottom of the page.

       10                           Charge of Discrimination #440-2008-07323

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 10 is a true copy of the genuine original. The defendant does not have access to the original Charge of Discrimination generated by the EEOC.

       11                         Notice of Right to Sue for #440-2007-01833

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 11 is a true copy of the genuine original.  The defendant does not have access to the original Notice of Right to Sue generated by the EEOC.

      12                                                        Notice of Right to Sue for #440-2008-0732

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 12 is a true copy of the genuine original.  The defendant does not have access to the original Notice of Right to Sue generated by the EEOC.

2.    Each of the following documents attached as an Exhibit to these Requests for Admissions is a true copy (except for a possible change in color, size, or double-sided printing) of a genuine original:

| Exhibit | Description |
|---------|-------------|
| 13      | undated Portfolio Center letter |

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 13 is a true copy of the genuine original.

      14                                                        7/13/2004 email from Andrew Oleksiuk

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 14 is a true copy of the genuine original.

      15                                                        7/13/2004 email from Deborah Coney

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 15 is a true copy of the genuine original.

      16                                                        7/13/2004 email from Keith Lusson

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 16 is a true copy of the genuine original.

17                                                       7/13/2004 forward from Deborah Coney

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 17 is a true copy of the genuine original.

18                                                       7/13/2004 email from Gigi Posejpal

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 18 is a true copy of the genuine original.

19                                                       7/14/2004 email from Janet Talbot

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 19 is a true copy of the genuine original.

20                                                       7/14/2004 email from Nancy Gahan

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 20 is a true copy of the genuine original.

21                                                       7/15/2004 email from Gillian Moore

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 21 is a true copy of the genuine original.

22                                               7/15/2004 forward from Marie Gillespie

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 22 is a true copy of the genuine original.

23                                9/1/2003 signed salary increase letter from Michael DeSalle

**ANSWER:**    The defendant admits that Exhibit 23 is a true copy of the genuine original.

24          9/1/2003 unsigned salary increase letter from Michael DeSalle

**ANSWER:**    The defendant admits that Exhibit 24 is a true copy of the genuine original.

25          9/1/2004 salary increase letter from Cheryl Johnson-Odim

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 25 is a true copy of the genuine original.

26          3/2005 letter of support from Carol Ann Stowe

**ANSWER:**    The defendant admits that Exhibit 26 is a true copy of the genuine original.

27          4/26/2005 memo from Lehrer to Olalde

**ANSWER:**    The defendant admits that Exhibit 27 is a true copy of the genuine original.

28          5/3/2005 promotion letter

**ANSWER:**    The defendant admits that Exhibit 28 is a true copy of the genuine original but denies that the plaintiff was given a promotion.

29          9/1/2005 letter from Lehrer re: raise

**ANSWER:**    The defendant admits that Exhibit 29 is a true copy of the genuine original.

30          6/1/2006 Employee Information Form

**ANSWER:**    The defendant admits that Exhibit 30 is a true copy of the genuine original.

31          9/1/2006 letter from Lehrer re: raise

**ANSWER:**    The defendant denies that Exhibit 31 is a true copy of the genuine original as it appears to contain additional handwritten marks on the page.

32          2/23/2007 email from Sheldon Patinkin

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 32 is a true copy of the genuine original.

33          5/14/2003 Employee Performance Appraisal

**ANSWER:**    The defendant admits that Exhibit 33 is a true copy of the genuine original.

34      6/10/2003, 7/1/2003, 8/12/2003 emails and exhibits re: raise

**ANSWER:** The defendant admits that Exhibit 34 is a true copy of the genuine original but denies that the group e-mails and exhibits reflect a "raise."

35      undated note from Carol Ann re: hospital

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

36      undated card from Carol Ann

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

37      undated note from Carol Ann re: Squeakfest

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

38      undated card from Oscar Valdez

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

39      undated note re: welcoming bouquet

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

40      5/9/2005 welcome card from Leonard & Jim

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

41      5/19/2005 card from Leonard re: trustees presentation

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

42      10/30/2005 card from Leonard

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

43      undated birthday card from Jim & Jill

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

44      undated birthday card from Allison

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

    45                              undated card from Robin

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    46                      undated staff card re: Ms. Lewandowski's leave

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    47                          undated card from Allison

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    48               Anna's Song and undated note from Leonard & Marilyn

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    49             undated large handmade card from Leonard and staff

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    50              undated smaller handmade card from Leonard

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    51                  card from Sabrina re: new position

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    52                     1/16/2007 card from Allison

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    53                     undated card from Tamorie

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    54                     8/28/2007 card from Allison

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    55                 10/17/2005 email from Jenny DM

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

    56                 12/16/2005 email from Jenny DM

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.

57     1/2/2006 Chicago Police Department Victim Information Notice and envelope

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.

58                                                        5/24/2006 email from Jeff Abell

**ANSWER:**     After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 58 is a true copy of the genuine original.

59                                               5/23/2006 emails "RE: Once a Bitch always a Bitch..."

**ANSWER:**     The defendant admits only that the portion of Exhibit 59 apparently authored by Lisa Lewandowski is a true copy of the genuine original.  Addressing the remaining portion of Exhibit 59, the defendant states that after reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that the remaining portion of Exhibit 59 is a true copy of the genuine original.  The defendant does not know who authored that e-mail and therefore cannot access the original.

60                                               5/23/2006 email "FW: Once a Bitch always a Bitch..."

**ANSWER:**     The defendant admits only that the portion of Exhibit 60 apparently authored by Lisa Lewandowski is a true copy of the genuine original.  Addressing the remaining portion of Exhibit 60, the defendant states that after reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that the remaining portion of Exhibit 60 is a true copy of the genuine original.  The defendant does not know who authored that e-mail and therefore cannot access the original.

61                                               5/23/2006 correspondence "RE: Once a Bitch always a Bitch..."

**ANSWER:**     The defendant admits only that the portion of Exhibit 61 apparently authored by Lisa Lewandowski is a true copy of the genuine original.  Addressing the remaining portion of Exhibit 61, the defendant states that after reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that the remaining portion of Exhibit 61 is a true copy of the genuine original.  The defendant does not know who authored that e-mail and therefore cannot access the original.

62                                                        9/12/2006 email from Griffin to McMahon

**ANSWER:**     The defendant admits only that the portion of Exhibit 62 apparently authored by Stephanie Griffin is a true copy of the genuine original.  Addressing the remaining portion of Exhibit 62, the defendant states that after reasonable inquiry, the information known by the

8

defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that the remaining portion of Exhibit 62 is a true copy of the genuine original.  The defendant does not know who authored that e-mail and therefore cannot access the original.

63                                    3/9/2007, 3/12/2007 email correspondence

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 63 is a true copy of the genuine original.

64                                    3/9/2007, 3/12/2007 email correspondence re: email

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 64 is a true copy of the genuine original.

65                          3/12/2007 email correspondence "FW: FW: email 12/242007"

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 65 is a true copy of the genuine original.

66                                    undated memo to Lisa from Leonard re: new position

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 66 is a true copy of the genuine original.

67                                    photograph of Lewandowski and Greiner standing

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

68                                    photograph of Lewandowski and Greiner sitting

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

69                                    photograph of Lewandowski videotaping

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

70                                    photograph of Lewandowski and Greiner

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

71                                   4/12/2006 emails between Lewandowski and Olalde

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 71 is a true copy of the genuine original.

72                                   4/26/2006 Staff Performance Evaluation

**ANSWER:**    The defendant admits that Exhibit 72 is a true copy of the genuine original.

73                                   5/13/2006 email re: Sexual Harassment Workshop

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 73 is a true copy of the genuine original.

74                                   11/20/2006 Job Description Questionnaire and exhibits

**ANSWER:**    The defendant admits that the Job Description Questionnaire in Exhibit 74 is a true copy of the genuine original and denies that the "exhibits" portion of Exhibit 74 is a true copy of the genuine original.

75              type-written notes re: Complaint by Lisa Lewandowski, Assistant to the Dean, about inappropriate behavior by Leonard Lehrer, Dean of School of Fine & Performing Arts and her immediate supervisor

**ANSWER:**    The defendant admits that the first page of Exhibit 75 is a true copy of the genuine original and denies that the remaining portions of Exhibit 75 are true copies of the genuine original.

76              10/12/2006, 10/13/2006 emails between Olalde and Lewandowski

**ANSWER:**    The defendant admits that Exhibit 76 is a true copy of the genuine original.

77              type-written notes re: Complaint by Lisa Lewandowski, Assistant to the Dean, about inappropriate behavior by Leonard Lehrer, Dean of School of Fine & Performing Arts and her immediate supervisor

**ANSWER:**    The defendant admits that the first page of Exhibit 77 is a true copy of the genuine original and denies that the remaining portions of Exhibit 77 are true copies of the genuine original.

78              10/12/2006 emails between Olalde and Lewandowski

**ANSWER:**    The defendant admits that Exhibit 78 is a true copy of the genuine original.

    79          10/12/2006 emails between Olalde and Lewandowski

**ANSWER:**    The defendant admits that Exhibit 79 is a true copy of the genuine original.

    80          10/12/2006, 10/13/2006 emails between Olalde and Lewandowski

**ANSWER:**    The defendant admits that Exhibit 80 is a true copy of the genuine original.

    81          10/16/2006 emails between Olalde and Lewandowski

**ANSWER:**    The defendant admits that Exhibit 81 is a true copy of the genuine original.

    82          11/20/2006 email from Griffin to Kapelke

**ANSWER:**    The defendant admits that Exhibit 82 is a true copy of the genuine original.

    83          12/8/2006 emails between Griffin and Foley

**ANSWER:**    The defendant admits that Exhibit 83 is a true copy of the genuine original.

    84          1/11/2007 letter from Mora

**ANSWER:**    The defendant admits that Exhibit 84 is a true copy of a genuine original.

    85          position description for Research, Planning and Evaluation Assistant to the Associate Provost, Administration

**ANSWER:**    The defendant denies that Exhibit 85 is a true copy of a genuine original.

    86          1/30/2007 email from Foley to Foisy

**ANSWER:**    The defendant admits that Exhibit 86 is a true copy of a genuine original.

    87          1/30/2007 email from Kim to Foley

**ANSWER:**    The defendant admits that Exhibit 87 is a true copy of a genuine original.

    88          2/6/2007 email from Foley to Foisy

**ANSWER:**    The defendant admits that Exhibit 88 is a true copy of a genuine original.

    89          2/6/2007 emails between Foley and Foisy.

**ANSWER:**  The defendant admits that Exhibit 89 is a true copy of a genuine original.

90  2/28/2007 emails between Lewandowski, Mora, and Foley

**ANSWER:**  The defendant admits that Exhibit 90 is a true copy of the genuine original.

91  6/6/2007 email from Foley to Love

**ANSWER:**  The defendant admits that Exhibit 91 is a true copy of the genuine original.

92  7/20/2007 Employee Information Form

**ANSWER:**  The defendant admits that Exhibit 92 is a true copy of the genuine original.

93  7/24/2007 letter to Patricia from Anne

**ANSWER:**  The defendant admits that Exhibit 93 is a true redacted copy of the genuine original.

94  8/12/2007 letter from Lewandowski to Griffin

**ANSWER:**  After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 94 is a true copy of the genuine original.

95  7/16/2007 psychotherapy note

**ANSWER:**  The plaintiff has withdrawn this request.  It therefore requires no answer.

96  8/22/2007 letter from Griffin to Lewandowski

**ANSWER:**  The defendant admits that Exhibit 96 is a true copy of the genuine original.

97  job description for Assistant to the Dean, School of Fine and Performing Arts

**ANSWER:**  The defendant admits that Exhibit 97 is a true copy of the genuine original.

98  8/30/2007 note re: Abbie Kelley

**ANSWER:**  The defendant denies that Exhibit 98 is a true copy of the genuine original.

99  10/11/2007 email to Olalde re: "need assistance"

**ANSWER:**  The defendant admits that Exhibit 99 is a true copy of the genuine original.

12

100      10/12/2007 email "FW: need assistance" to Griffin

**ANSWER:** The defendant admits that Exhibit 100 is a true copy of the genuine original.

101      9/25/2007 Employee Request for Family or Medical Leave

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 101 is a true copy of the genuine original.

102      Certification of Health Care Provider signed 10/12/2007

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 102 is a true copy of the genuine original.

103      Employee Separation Form

**ANSWER:** Objection. The document identified as Exhibit 103 is illegible.

104      Employment Status Confirmation

**ANSWER:** The defendant admits that Exhibit 104 is a true copy of the genuine original.

105      10/18/2007 status change notice to Gabina Mora

**ANSWER:** The defendant admits that Exhibit 105 is a true copy of the genuine original.

106      10/17/2007 Exit Interview Checklist

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 106 is a true copy of the genuine original.

107      Position Description, School Dean

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 107 is a true copy of the genuine original.

108                    Fall 2006 Columbia College Chicago Organization Structure

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 108 is a true copy of the genuine original.

109                    10/17/2007 letter from Mora to Lewandowski

**ANSWER:**    The defendant denies that Exhibit 109 is a true copy of the genuine original as it appears to contain additional handwritten marks on the page.

110                    10/17/2007 Ratliff email re: Announcement

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 110 is a true copy of the genuine original.

111                    10/19/2007, 10/24/2007 emails re: personal items

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 111 is a true copy of the genuine original.

112                    10/19/2007, 10/24/2007 emails re: Cobra paid by defendant

**ANSWER:**    The defendant admits that Exhibit 112 is a true copy of the genuine original.

113                    11/30/2007 personnel file review and request form

**ANSWER:**    The defendant admits that Exhibit 113 is a true copy of the genuine original.

114                    11/30/2007 Lisa Lewandowski check to Columbia College Chicago

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 114 is a true copy of the genuine original.

115                    10/19/2007 emails re: Cobra paid by Columbia College

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 115 is a true copy of the genuine original.

116                    9/28/2007 Direct Deposit Receipt #446591

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 116 is a true copy of the genuine original.

117                    10/15/2007 Direct Deposit Receipt #450072

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 117 is a true copy of the genuine original.

118                    10/17/2007 Direct Deposit Receipt #149900

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 118 is a true copy of the genuine original.

119                    10/17/2007 Direct Deposit Receipt #149901

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 119 is a true copy of the genuine original.

120                    10/17/2007 Direct Deposit Receipt #149902

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 120 is a true copy of the genuine original.

121            8/18/2008 premium invoice for Medical, Dental, and Vision

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 121 is a true copy of the genuine original.

122            9/24/2008 premium invoice for Medical, Dental, and Vision

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 122 is a true copy of the genuine original.

123            10/3/2008 notice of termination of Group Health coverage

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 123 is a true copy of the genuine original.

124            10/6/2008 certificate of health coverage

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 124 is a true copy of the genuine original.

125            9/2/2008 psychotherapy receipt

**ANSWER:** After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 125 is a true copy of the genuine original.

126            Columbia College Chicago Tuition Remission Authorization

**ANSWER:** The defendant admits that Exhibit 126 is a true copy of a genuine original.

127            Tuition Remission Policy

**ANSWER:** The defendant admits that Exhibit 127 is a true copy of a genuine original.

128            Tuition Remission document

**ANSWER:** The defendant denies that Exhibit 128 is a true copy of the genuine original as it appears to contain additional handwritten marks on the page.

129            Tuition Remission document

**ANSWER:**    The defendant denies that Exhibit 129 is a true copy of the genuine original as it appears to contain additional handwritten marks on the page.


130                        1/30/2008 Course and Fee Statement for Lisa Lewandowski

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 130 is a true copy of the genuine original.


131                        3/3/2010 print-out of School of Fine and Performing Arts staff

**ANSWER:**    The defendant denies that Exhibit 131 is a true copy of the genuine original as it appears to contain additional handwritten marks on the page.


132                                    tuition records for Lisa Lewandowski

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 132 is a true copy of the genuine original.


133                        7/24/2007 letter re: Assistant to the Dean position

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 133 is a true copy of the genuine original.


134                        7/24/2007 Dean Nichols Out of Office AutoReply

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny that Exhibit 134 is a true copy of the genuine original.


17

135                                                    14 Juliet 06 note

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

136                                             undated thank you card from Allison

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

137                                                    undated birthday card

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

138                                                         2/3/03 card

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

3.      From 9/1/07 through defendant's decision to terminate Ms. Lewandowski's employment, among other times, defendant was an "employer" within the definition of §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(4)(A)].

**ANSWER:**    The defendant admits the allegations of paragraph 3.

4.      From 9/1/07 through defendant's decision to terminate Ms. Lewandowski's employment, among other times, Ms. Lewandowski was an "eligible employee" within the definition of §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)].

**ANSWER:**    The defendant admits the allegations of paragraph 4.

5.      From 5/1/05 through defendant's decision to terminate Ms. Lewandowski's employment, among other times, Ms. Lewandowski was an "employee" within the definition of §701(f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(f)].

**ANSWER:**    The defendant admits the allegations of paragraph 5.

6.      From 5/1/05 through defendant's decision to terminate Ms. Lewandowski's employment, among other times, defendant was an "employer" within the definition of §701(b) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(b)].

**ANSWER:**    The defendant admits the allegations of paragraph 6.

7.      When Ms. Lewandowski complained of Dean Lehrer's sexual harassment of her, Ms. Lewandowski was enrolled as a student at defendant.

**ANSWER:**    Objection.  The request is vague with regard to the term "complained" and does not state when the alleged complaint was made.

18

8.     Ms. Lewandowski was enrolled as a student at defendant during October 2006.

**ANSWER:**    The defendant admits the allegations of paragraph 8.

9.     Ms. Lewandowski was enrolled as a student at defendant from October 2006 to October 2007.

**ANSWER:**    The defendant admits the allegations of paragraph 9.

10.    During her employment with defendant, Ms. Lewandowski received educational benefits that resulted in her not paying as much for her education with defendant than if she had been enrolled as a student at defendant but not employed with defendant.

**ANSWER:**    The plaintiff has withdrawn this request. It therefore requires no answer.

11.    During her employment with defendant, Ms. Lewandowski received educational benefits that resulted in her borrowing less money for her education with defendant than she would have had to have borrowed had she been enrolled as a student of defendant but not been employed with defendant.

**ANSWER:**    The plaintiff has withdrawn this request. It therefore requires no answer.

12.    Defendant denied Ms. Lewandowski her requested tuition remission for Fall 2007.

**ANSWER:**    The plaintiff has withdrawn this request. It therefore requires no answer.

13.    Ms. Lewandowski continued to be enrolled as a student with defendant after 10/17/07.

**ANSWER:**    The plaintiff has withdrawn this request. It therefore requires no answer.

14.    Ms. Lewandowski took out student loans to pay defendant for the courses she was taking as a student of defendant from 10/17/07 onward.

**ANSWER:**    The plaintiff has withdrawn this request. It therefore requires no answer.

15.    At the time these Requests for Admissions were served upon defendant, defendant was selling merchandise with replications of Ms. Lewandowski's artwork.

**ANSWER:**    The plaintiff has withdrawn this request. It therefore requires no answer.

16.    Around 10/18/06, Dean Lehrer admitted to defendant of having told Ms. Lewandowski that he had to act on his strong attraction to Ms. Lewandowski.

**ANSWER:**    The defendant denies the allegations of paragraph 16.

17.    Around 10/18/06, Dean Lehrer admitted to defendant of having told Ms. Lewandowski that he wanted to draw her in the nude.

**ANSWER:**    The defendant denies the allegations of paragraph 17.

18.    Around 10/18/06, Dean Lehrer admitted to defendant of having told Ms. Lewandowski that he wanted to have an affair with her.

**ANSWER:**    The defendant denies the allegations of paragraph 18.

19.    Around 10/18/06, Dean Lehrer admitted to defendant of having told Ms. Lewandowski that he wanted her to bear his children.

**ANSWER:**    The defendant denies the allegations of paragraph 19.

20.    Around 10/18/06, Dean Lehrer admitted to defendant of having told Ms. Lewandowski that he could not control himself around her.

**ANSWER:**    The defendant denies the allegations of paragraph 20.

21.    Around 10/18/06, Dean Lehrer admitted to defendant of having told Ms. Lewandowski that he wanted to wake up in her bed.

**ANSWER:**    The defendant denies the allegations of paragraph 21.

22.    Around 10/18/06, Dean Lehrer admitted to defendant of having tried to embrace and kiss Ms. Lewandowski when alone with Ms. Lewandowski in her apartment.

**ANSWER:**    The defendant denies the allegations of paragraph 22.

23.    Around 10/21/06, Dean Lehrer apologized to Ms. Lewandowski for his inappropriate behavior on 10/10/2006, 10/11/2006, and 10/12/2006.

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 23.

24.    Sometime in December 2006, Ms. Lewandowski filed a Charge of Discrimination against defendant.

**ANSWER:**    The defendant admits the allegations of paragraph 24.

25.     Before filing a Charge of Discrimination against defendant in December 2006, Ms. Lewandowski had not filed a Charge of Discrimination against defendant.

**ANSWER:**     The defendant admits the allegations of paragraph 25.

26.     Leonard Lehrer has never filed a Charge of Discrimination against defendant.

**ANSWER:**     The defendant admits the allegations of paragraph 26.

27.     At times during Leonard Lehrer's employment with defendant, from 1/1/03 onward, defendant allowed him to take time off work due to his medical situation.

**ANSWER:**     Objection. The medical history of Leonard Lehrer is proprietary information and irrelevant to the present litigation. Further objecting, the defendant states that the term "medical situation" is vague.

28.     At times during Leonard Lehrer's employment with defendant, from 1/1/03 onward, defendant granted Leonard Lehrer a work accommodation for his medical situation.

**ANSWER:**     Objection. Accommodations that may have been given to Leonard Lehrer are proprietary and irrelevant to the present litigation. Further objecting, the defendant states that the terms "accommodation" and "medical situation" are vague.

29.     At times during Leonard Lehrer's employment with defendant, from 1/1/03 onward, defendant granted Leonard Lehrer a Family and Medical Leave Act leave.

**ANSWER:**     Objection. Leaves of absence that may have been granted to Leonard Lehrer pursuant to the Family Medical Leave Act are proprietary and irrelevant to the present litigation.

30.     At times during Leonard Lehrer's employment with defendant, from 1/1/03 onward, defendant granted Leonard Lehrer at least four weeks of either Family and Medical Leave Act leave, sick leave, personal time, vacation time, discretionary time, short-term disability leave, administrative time-off, or a combination of such leaves.

**ANSWER:**     Objection. Leaves of absence that may have been granted to Leonard Lehrer due to his medical condition are proprietary and irrelevant to the present litigation.

31.     At times, from 1/1/03 onward, Leonard Lehrer was unable to perform work from defendant's offices due to his medical situation.

**ANSWER:**     Objection. The medical history of Leonard Lehrer is proprietary and irrelevant to the present litigation. Further objecting, the defendant states that the terms "unable to perform work from defendant's offices" and "medical situation" are vague.

21

32.     From 1/1/05 onward, when Leonard Lehrer was unable to perform work from defendant's offices due to his medical situation, defendant did not appoint a temporary dean to take over Leonard Lehrer's duties while he was medically- unable to work from defendant's offices.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.

33.     From 1/1/05 onward, when Leonard Lehrer was unable to perform work from defendant's offices due to his medical situation, defendant did not hire a temporary employee to compensate for Leonard Lehrer's absence from defendant.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.

34.     From 1/1/05 onward, when Leonard Lehrer was unable to perform work from defendant's offices due to his medical situation, the employees of the Office of the Dean of School of Fine and Performing Arts took on additional duties and responsibilities to supplement for Leonard Lehrer's inability to work from defendant's offices.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.

35.     Sometime around 9/1/06, defendant gave Ms. Lewandowski a raise.

**ANSWER:**     The defendant admits the allegations of paragraph 35.

36.     Sometime around 9/1/06, defendant assigned to Ms. Lewandowski budgetary responsibilities.

**ANSWER:**     Objection. The term "budgetary responsibilities" is vague.

37.     As Assistant to the Dean of the Office of the School of Fine and Performing Arts, Ms. Lewandowski assisted various department chairs with departmental budgets.

**ANSWER:**     Objection.  The phrase "assisted various department chairs with departmental budgets" is vague.

38.     As Assistant to the Dean of the Office of the School of Fine and Performing Arts, Ms. Lewandowski assisted various department chairs with departmental budget planning

**ANSWER:**     Objection.  The phrase "assisted various department chairs with departmental budget planning" is vague.

39.     Leonard Lehrer told Ms. Lewandowski not to e-mail him directly because he had told his wife about some of the October 2006 incidents with Ms. Lewandowski and that, as a result, his wife did not want to see emails from Ms. Lewandowski.

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 39.

40.    Leonard Lehrer signed his wife's name to the card accompanying the gift to Ms. Lewandowski of "Anna's Song".

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 40.

41.    "Anna's Song" is a collection of Leonard Lehrer's daughter's poetry.

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 41.

42.    Defendant did not terminate Leonard Lehrer's employment as a result of his admission to defendant that he had told Ms. Lewandowski that he had to act on his strong attraction to Ms. Lewandowski.

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

43.    Defendant did not reduce Leonard Lehrer's compensation as a result of his admission to defendant that he had told Ms. Lewandowski that he had to act on his strong attraction to Ms. Lewandowski.

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

44.    Defendant did not discipline Leonard Lehrer as a result of his admission to defendant that he had told Ms. Lewandowski that he had to act on his strong attraction to Ms. Lewandowski.

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

45.    Defendant did not terminate Leonard Lehrer's employment as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to draw her in the nude.

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

46.    Defendant did not reduce Leonard Lehrer's compensation as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to draw her in the nude.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

47. Defendant did not discipline Leonard Lehrer as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to draw her in the nude.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

48. Defendant did not terminate Leonard Lehrer's employment as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to have an affair with her.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

49. Defendant did not reduce Leonard Lehrer's compensation as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to have an affair with her.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

50. Defendant did not discipline Leonard Lehrer as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to have an affair with her.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

51. Defendant did not terminate Leonard Lehrer's employment as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted her to bear his children.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

52. Defendant did not reduce Leonard Lehrer's compensation as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted her to bear his children.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

53. Defendant did not discipline Leonard Lehrer as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted her to bear his children.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

54.     Defendant did not terminate Leonard Lehrer's employment as a result of his admission to defendant that he had told Ms. Lewandowski that he could not control himself around her.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


55.     Defendant did not reduce Leonard Lehrer's compensation as a result of his admission to defendant that he had told Ms. Lewandowski that he could not control himself around her.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


56.     Defendant did not discipline Leonard Lehrer as a result of his admission to defendant that he had told Ms. Lewandowski that he could not control himself around her.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


57.     Defendant did not terminate Leonard Lehrer's employment as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to wake up in her bed.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


58.     Defendant did not reduce Leonard Lehrer's compensation as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to wake up in her bed.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


59.     Defendant did not discipline Leonard Lehrer as a result of his admission to defendant that he had told Ms. Lewandowski that he wanted to wake up in her bed.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


60.     Defendant did not terminate Leonard Lehrer's employment as a result of his admission to defendant that he had tried to embrace and kiss Ms. Lewandowski when alone with Ms. Lewandowski in her apartment.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


61.     Defendant did not reduce Leonard Lehrer's compensation as a result of his admission to defendant that he had tried to embrace and kiss Ms. Lewandowski when alone with Ms. Lewandowski in her apartment.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


62.     Defendant did not discipline Leonard Lehrer as a result of his admission to defendant that he had tried to embrace and kiss Ms. Lewandowski when alone with Ms. Lewandowski in her apartment.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


63.     Defendant did not terminate Leonard Lehrer's employment as a result of Ms. Lewandowski's informing defendant of Dean Lehrer's 10/10/2006, 10/11/2006, and 10/12/2006 statements to and actions towards her.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


64.     Defendant did not reduce Leonard Lehrer's compensation as a result of Ms. Lewandowski's informing defendant of Dean Lehrer's 10/10/2006, 10/11/2006, and 10/12/2006 statements to and actions towards her.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.

65.     Defendant did not discipline Leonard Lehrer as a result of Ms. Lewandowski's informing defendant of Dean Lehrer's statements and actions toward her on 10/10/2006, 10/11/2006, and 10/12/2006.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


66.     Defendant did not terminate Leonard Lehrer's employment as a result of Jim MacDonald's informing defendant of Dean Lehrer's 10/10/2006, 10/11/2006, and 10/12/2006 statements to and actions towards Ms. Lewandowski.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.


67.     Defendant did not reduce Leonard Lehrer's compensation as a result of Jim MacDonald's informing defendant of Dean Lehrer's 10/10/2006, 10/11/2006, and 10/12/2006 statements to and actions towards Ms. Lewandowski.

**ANSWER:**     The plaintiff has withdrawn this request.  It therefore requires no answer.

68.    Defendant did not discipline Leonard Lehrer as a result of Jim MacDonald's informing defendant of Dean Lehrer's 10/10/2006, 10/11/2006, and 10/12/2006 statements to and actions towards Ms. Lewandowski.

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

69.    Defendant did not terminate Leonard Lehrer's employment as a result of its investigation of Ms. Lewandowski's complaint of sexual harassment against him.

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

70.    Defendant did not reduce Leonard Lehrer's compensation as a result of its investigation of Ms. Lewandowski's complaint of sexual harassment against him.

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

71.    Defendant did not discipline Leonard Lehrer as a result of its investigation of Ms. Lewandowski's complaint of sexual harassment against him.

**ANSWER:**    The plaintiff has withdrawn this request.  It therefore requires no answer.

72.    Leonard Lehrer was scheduled to attend a 2006 sexual harassment training.

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 72.

73.    Leonard Lehrer did not attend a 2006 sexual harassment training

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 73.

74.    Leonard Lehrer was scheduled to attend a 2007 sexual harassment training.

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 74.

75.    Leonard Lehrer did not attend a 2007 sexual harassment training.

**ANSWER:**    After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 75.

76.     An appointment entitled "Yahoo" was blocked out on Dean Lehrer's work calendar from 5pm to 8pm on 10/10/06 and 10/11/06.

**ANSWER:**     After reasonable inquiry, the information known by the defendant and readily obtained by it is insufficient to enable the defendant to admit or deny the allegations of paragraph 76.

77.     When Ms. Lewandowski complained of Dean Lehrer's "inappropriate behavior" as noted in Exhibits 75 and 77, Dean Lehrer was Ms. Lewandowski's direct supervisor.

**ANSWER:**     The defendant admits the allegations of paragraph 77.

78.     When Ms. Lewandowski complained of Dean Lehrer's "inappropriate behavior" as noted in Exhibits 75 and 77, Dean Lehrer had the ability to fire and/or promote Ms. Lewandowski.

**ANSWER:**     The defendant admits the allegations of paragraph 78.

79.     When Ms. Lewandowski complained of Dean Lehrer's "inappropriate behavior" as noted in Exhibits 75 and 77, Dean Lehrer had the ability to approve and/or deny Ms. Lewandowski a raise.

**ANSWER:**     The defendant admits the allegations of paragraph 79.

80.     Eliza Nichols was hired as a Dean for defendant sometime in the late summer or fall of 2007.

**ANSWER:**     The defendant admits the allegations of paragraph 80.

81.     Dean Nichols signed Ms. Lewandowski's 9/25/07 Family and Medical Leave Act request (Exhibit 101 to these Requests for Admissions).

**ANSWER:**     The defendant admits the allegations of paragraph 81.

82.     When defendant decided to terminate Ms. Lewandowski's employment, defendant was aware that Ms. Lewandowski had a scheduled surgery in October 2007.

**ANSWER:**     The defendant denies the allegations of paragraph 82.

83.     When defendant decided to terminate Ms. Lewandowski's employment, defendant was aware that Ms. Lewandowski had requested Family and Medical Leave Act leave for her October 2007 surgery.

**ANSWER:**     The defendant denies the allegations of paragraph 83.

84.     When defendant decided to terminate Ms. Lewandowski's employment, defendant was aware that defendant had approved Ms. Lewandowski's requested Family and Medical Leave Act leave for her October 2007 surgery.

**ANSWER:**     The defendant denies the allegations of paragraph 84.

85.     On 10/11/2007 Dean Nichols and Ms. Lewandowski made an appointment to meet on Wednesday 10/17/2007.

**ANSWER:**     The defendant admits the allegations of paragraph 85.

86.     On Monday 10/15/2007, Dean Nichols met with Ms. Lewandowski and asked Ms. Lewandowski to work with Abbie Kelley and Allison Ratliff to ensure they could do Ms. Lewandowski's work while she was out on medical leave.

**ANSWER:**     The defendant admits the allegations of paragraph 86.

87.     On 10/16/2007, Dean Nichols met with Jim MacDonald and Allison Ratliff concerning their supporting Dean Nichols in Ms. Lewandowski's absence.

**ANSWER:**     The defendant admits the allegations of paragraph 87.

88.     On 10/17/2007, Dean Nichols told Ms. Lewandowski that Ms. Lewandowski had violated the trust required in an assistant to the dean position and that Ms. Lewandowski should take her personal effects from the office and leave.

**ANSWER:**     The defendant admits the allegations of paragraph 88.

89.     Eliza Nichols signed the second page of the 9/25/2007 Employee Request for Family and Medical Leave, attached as Exhibit 101 to these Requests for Admissions.

**ANSWER:**     The defendant admits the allegations of paragraph 89.

90.     When defendant decided to terminate Ms. Lewandowski's employment with defendant, defendant had in Ms. Lewandowski's personnel file a copy of the 9/25/2007 Employee Request for Family and Medical Leave, attached as Exhibit 101 to these Requests for Admissions.

**ANSWER:**     The defendant admits the allegations of paragraph 90.

91.     When defendant terminated Ms. Lewandowski's employment with defendant, defendant had in Ms. Lewandowski's personnel file a copy of the 9/25/2007 Employee Request for Family and Medical Leave, attached as Exhibit 101 to these Requests for Admissions.

**ANSWER:**     The defendant admits the allegations of paragraph 91.

92.     When defendant decided to terminate Ms. Lewandowski's employment with defendant, defendant had in Ms. Lewandowski's personnel file a copy of the 10/12/2007 Certification of Health Care Provider, attached as Exhibit 102 to these Requests for Admissions.

**ANSWER:**     The defendant admits the allegations of paragraph 92.

93.     When defendant terminated Ms. Lewandowski's employment with defendant, defendant had in Ms. Lewandowski's personnel file a copy of the 9/25/2007 Employee Request for Family and Medical Leave, attached as Exhibit 101 to these Requests for Admissions.

**ANSWER:**     Objection.  Request 93 is duplicative of Request 91.

94.     Defendant did not return to Ms. Lewandowski all the items that Ms. Lewandowski requested in her 10/19/2007 email to Allison Ratliff, attached as Exhibit 111 to these Requests for Admissions.

**ANSWER:**     The defendant admits the allegations of paragraph 94.

95.     Defendant has fired other employees who have filed Charges of Discrimination against defendant.

**ANSWER:**     Objection.  The termination of former employees of Columbia College Chicago is irrelevant to the present litigation.

96.     Defendant has fired other employees who have filed internal complaints of discrimination with defendant.

**ANSWER:**     Objection.  The termination of former employees of Columbia College Chicago is irrelevant to the present litigation.

97.     Debbie Sandlin has filed a lawsuit against defendant for discrimination and retaliation.

**ANSWER:**     Objection.  Litigation that may have been initiated by Debbie Sandlin against the defendant is irrelevant to the present litigation.

98.     Debbie Sandlin is alleging that defendant retaliated against her by taking away her teaching privileges and by firing her after she complained to defendant of discrimination.

**ANSWER:**     Objection.  Allegations that may have been asserted by Debbie Sandlin against the defendant is irrelevant to the present litigation.

99.     Defendant has granted medical leaves to employees who have not filed Charges of Discrimination against defendant.

**ANSWER:** Objection. Medical leaves that may have been granted to other employees are irrelevant to the present litigation. Further objecting, the defendant states that the term "medical leaves" is vague.

100. Defendant promoted Ms. Lewandowski many different times throughout Ms. Lewandowski's career with defendant.

**ANSWER:** Objection. The term "promoted" and the phrase "many different times" are vague.

101. Defendant gave Ms. Lewandowski many pay increases during Ms. Lewandowski's career with defendant.

**ANSWER:** Objection. The phrase "many pay increases" is vague.

102. At the time these Requests for Admissions were served, defendant is employing more individuals in the Office of the Dean of the School of Fine and Performing Arts than when Ms. Lewandowski was working for defendant.

**ANSWER:** Objection. The number of employees working in the Office of the Dean of the School of Fine and Performing Arts is irrelevant to the present litigation. Further objecting, the defendant states that the request is vague with regard to the time when the plaintiff "was working for defendant" and therefore renders it incapable of response.

103. At the time these Requests for Admissions were served, defendant is employing at least three more individuals in the Office of the Dean of the School of Fine and Performing Arts than when Ms. Lewandowski was working for defendant

**ANSWER:** Objection. The number of employees working in the Office of the Dean of the School of Fine and Performing Arts is irrelevant to the present litigation. Further objecting, the defendant states that the request is vague with regard to the time when the plaintiff "was working for defendant" and therefore renders it incapable of response.

104. If a jury determines that defendant did retaliate against Ms. Lewandowski, defendant will discipline those individuals that retaliated against Ms. Lewandowski.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

105. If a jury determines that defendant did retaliate against Ms. Lewandowski, defendant will not discipline those individuals that retaliated against Ms. Lewandowski.

**ANSWER:** The plaintiff has withdrawn this request. It therefore requires no answer.

106. In investigating the complaint that Dean Lehrer sexually-harassed Ms. Lewandowski, defendant determined that Dean Lehrer did sexually-harass Ms. Lewandowski.

**ANSWER:**     Objection.  This request calls for a legal conclusion.

107.    Prior to her employment with defendant, Dean Nichols had no experience working or communicating with Ms. Lewandowski.

**ANSWER:**     The defendant admits the allegations of paragraph 107.

108.    At times from 1/1/04 onward, President Carter received inappropriate emails at his work account with defendant.

**ANSWER:**     Objection.  The term "At times from 1/1/04 onward" is vague.  Further objecting, the defendant states that the term "inappropriate" is vague.

109.    At times from 1/1/04 onward, President Carter received harassing emails at his work account with defendant.

**ANSWER:**     Objection.  The term "At times from 1/1/04 onward" is vague.   Further objecting, the term "harassing" is vague.

110.    Defendant investigated the source of the inappropriate emails that President Carter received at his work account with defendant sometime after 1/1/04.

**ANSWER:**     Objection.  The term "inappropriate" is vague.

111.    Defendant determined the source of the inappropriate emails that President Carter received at his work account with defendant sometime after 1/1/04.

**ANSWER:**     Objection.  The term "inappropriate" is vague.

112.    Defendant disciplined the person that defendant determined was responsible for the inappropriate emails that President Carter received at his work account with defendant sometime after 1/1/04.

**ANSWER:**     Objection.  The term "inappropriate" is vague.

113.    At various times in 2005 and 2006, Ms. Lewandowski complained to defendant that she had received emails she considered offensive on her work account with defendant.

**ANSWER:**     The defendant admits that the plaintiff made the referenced complaint in 2006 and denies that she made the referenced complaint in 2005.

114.    At various times in 2005 and 2006, Ms. Lewandowski complained to defendant that she had received emails she considered harassing on her work account with defendant.

**ANSWER:**     The defendant admits that the plaintiff made the referenced complaint in 2006 and denies that she made the referenced complaint in 2005.


115.    Defendant failed to fully investigate Ms. Lewandowski's complaints that she had received offensive emails on her work account with defendant.

**ANSWER:**     The defendant denies the allegations of paragraph 115.

116.    Defendant failed to fully investigate Ms. Lewandowski's complaints that she had received harassing emails on her work account with defendant.

**ANSWER:**     The defendant denies the allegations of paragraph 116.

117.    Leonard Lehrer took the photograph of which a copy is attached to these Requests for Admissions as Exhibit 69.

**ANSWER:**     The plaintiff has withdrawn the request concerning Exhibit 69. This request therefore requires no answer.

118.    Leonard Lehrer gave to Ms. Lewandowski the photograph of which a copy is attached to these Requests for Admissions as Exhibit 69.

**ANSWER:**     The plaintiff has withdrawn the request concerning Exhibit 69. This request therefore requires no answer.

119.    Leonard Lehrer gave to Ms. Lewandowski the photographs copied in Exhibit 67, Exhibit 68, and Exhibit 70 attached to these Requests for Admissions.

**ANSWER:**     The plaintiff has withdrawn the request concerning Exhibits 67, 68, and 70. This request therefore requires no answer.


120.    Leonard Lehrer did not give to Chris Greiner copies of the photographs copied in Exhibit 67, Exhibit 68, and Exhibit 70 attached to these Requests for Admissions.

**ANSWER:**     The plaintiff has withdrawn the request concerning Exhibits 67, 68, and 70. This request therefore requires no answer.


121.    Gabina Mora intentionally sent a copy of Exhibit 84 to Steven Kapelke and Stephanie Griffin.

**ANSWER:**     The defendant admits the allegations of paragraph 121.

122.   From 1/1/2003 through the end of Stephanie Griffin's employment with defendant, Gabina Mora did not routinely include Steven Kapelke and Stephanie Griffin in benefits communications with defendant's employees.

**ANSWER:**   Objection. The request is vague with respect to the phrase "routinely include Steven Kapelke and Stephanie Griffin in benefits communications with defendant's employees" as it provides no definition of the "benefits communications" referenced or the term "routinely."

123.   Gabina Mora intentionally included Steve Kapelke and Stephanie Griffin in her 1/11/2007 communications with Ms. Lewandowski because she had been instructed to inform Steve Kapelke and Stephanie Griffin of her communications with Ms. Lewandowski.

**ANSWER:**   The defendant admits the allegations of paragraph 123.

124.   On or about 11/30/07, pursuant to Ms. Lewandowski's request to review her personnel file, defendant tendered to Ms. Lewandowski pages 1 through 339 of the personnel file defendant maintained on her and did not, pursuant to that request, tender Ms. Lewandowski any other pages purporting to be from her personnel file.

**ANSWER:**   Objection. This request is irrelevant to the claims and defenses raised in this litigation.

125.   Pages 1 through 339 of the personnel file that Ms. Lewandowski reviewed on or about 11/30/2007 constituted the entirety of Ms. Lewandowski's personnel file with defendant as of that date.

**ANSWER:**   Objection. This request is irrelevant to the claims and defenses raised in this litigation.

126.   The 339 labeled pages that defendant produced to Ms. Lewandowski on or about 11/30/2007 did not include the requested leave paperwork or other medical paperwork that Ms. Lewandowski had submitted to defendant for her surgery prior to October 2007.

**ANSWER:**   Objection. This request is irrelevant to the claims and defenses raised in this litigation.

127.   The 339 labeled pages that defendant produced to Ms. Lewandowski on or about 11/30/2007 did not include the paperwork transferring Ms. Lewandowski from the Office of the Dean of the School of Fine and Performing Arts to the Associate Provost's office.

**ANSWER:**   Objection. This request is irrelevant to the claims and defenses raised in this litigation.

34

128.    The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include paperwork detailing a change in Ms. Lewandowski's responsibilities as Assistant to the Dean of the School of Fine and Performing Arts from October 2006 through the termination of Ms. Lewandowski's employment with defendant.

**ANSWER:**    Objection. This request is irrelevant to the claims and defenses raised in this litigation.

129.    The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include paperwork that gave reasons for changes in Ms. Lewandowski's responsibilities as Assistant to the Dean of the School of Fine and Performing Arts from October 2006 through the termination of Ms. Lewandowski's employment with defendant.

**ANSWER:**    Objection. This request is irrelevant to the claims and defenses raised in this litigation.

130.    The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include defendant's response to Ms. Lewandowski's October 11, 2007 concerns as detailed in Exhibit 99 that is attached to the Requests for Admissions.

**ANSWER:**    Objection. This request is irrelevant to the claims and defenses raised in this litigation.

131.    Defendant did not respond to Ms. Lewandowski regarding her October 11, 2007 email, attached as Exhibit 99 to the Requests for Admissions.

**ANSWER:**    Objection. The phrase "did not respond" is vague and overly broad.

132.    The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include the responses that Stephanie Griffin received to her 9/12/2006 email to Bernadette McMahon, attached as Exhibit 62 to these Requests for Admissions.

**ANSWER:**    Objection. This request is irrelevant to the claims and defenses raised in this litigation.

133.    The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did not include the Charges of Discrimination that Ms. Lewandowski had filed against defendant.

**ANSWER:**    Objection. This request is irrelevant to the claims and defenses raised in this litigation.

134.    The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did
not include any correspondence on the Charges of Discrimination that Ms. Lewandowski had
filed against defendant.

**ANSWER:**    Objection.  This request is irrelevant to the claims and defenses raised in this
litigation.


135.    The 339 labeled pages that defendant produced to Ms. Lewandowski on 11/30/2007 did
not include the entirety of defendant's investigative findings of Ms. Lewandowski's complaints of
inappropriate emails that she had received at her work email address with defendant.

**ANSWER:**    Objection.  This request is irrelevant to the claims and defenses raised in this
litigation.


Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

By: _____
        One of the attorneys for defendant


Jennifer H. Kay – ARDC # 6226867
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400
jhkay@tribler.com

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LISA LEWANDOWSKI,           )
                            )
          Plaintiff,        )
                            )   Case No.: 1:09-cv-04949
     vs.                    )
                            )   Judge: Blanche M. Manning
COLUMBIA COLLEGE CHICAGO, an Illinois )
not-for-profit corporation, )   Magistrate Young B. Kim
                            )
          Defendant.        )

### CERTIFICATE OF SERVICE

**TO:**   Mr. David Lee
          Law Offices of David Lee
          53 W. Jackson Blvd.
          Suite 660
          Chicago, IL 60604

The undersigned attorney, upon oath, deposes and states that she caused the following document to be served upon the aforementioned counsel:

- Defendant's Answers to Plaintiff's Request for Admissions

via first-class mail, on the 30th day of June, 2010.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

By: _____
      One of the attorneys for defendant

Jennifer H. Kay – ARDC # 6226867
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400
jhkay@tribler.com