*In the United States District Court
for the Northern District of Illinois
Eastern Division*

| | |
|---|---|
| Lisa Lewandowski,<br><br>    plaintiff,<br><br>– v –<br><br>Columbia College Chicago, an Illinois not-for-profit corporation,<br><br>    defendant. | **#09 C 4949**<br><br>Judge Manning<br><br>Magistrate Judge Kim<br><br>**Jury trial demanded** |

**Plaintiff's Motion to Overrule Objections and to Compel Inspection of Premises, Production of Documents, and Answer to Interrogatory**

1.  Before bringing this Motion, plaintiff's counsel and defendant's counsel made sincere attempts, both by correspondence and in a face-to-face meeting, to resolve the issues being presented and succeeded in resolving many issues, which are therefore not being presented to Your Honor.  In addition, plaintiff's counsel has unilaterally decided not to pursue a Motion to Compel on certain issues.  See, Declaration of David L. Lee, 10/12/2010 letter from D. Lee to J. Kay, 11/10/2010 e-mail from D. Lee to J. Kay, and 11/28/2010 e-mail from J. Kay to D. Lee, attached to this Motion as Exhibits 1, 2, 3, and 4, respectively.

**Inspection of Premises**

2.  Plaintiff's Request to Inspect 1 and defendant's Response were:

> "1. Access to defendant's premises at the location out of which Ms. Lewandowski worked for inspection and photographing of the offices(s) in which Ms. Lewandowski worked for defendant from July 1, 2006, through October 17, 2007, of any postings concerning employee rights under Title VII of the Civil Rights Act of 1964 or the Family and Medical Leave Act of 1993, and of the areas surrounding those postings.

>       Response:   The defendant objects to this request as entry of the plaintiff or her attorney on the premises of Columbia College Chicago would be unduly burdensome and disruptive to the defendant's operations. The request is overly broad, unlimited in scope and vague with regard to the 'areas' to be inspected and photographed. Further objecting, the defendant states that any documents sought to be viewed during the purported inspection may be duplicated at the plaintiff's expense and produced to her attorney."

See, defendant's Response to plaintiff's Requests to Inspect, attached to this Motion as Exhibit 5, at #1.

Reason to compel:

>   Federal Rule of Civil Procedure 34(a)(2) expressly permits:
>
>>   "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."

In our case, one of the allegations of retaliation was that, after Ms. Lewandowski filed an EEOC Charge of sexual harassment, "defendant ... took Ms. Lewandowski's former office space away...." See, First Amended Complaint (doc #7) at ¶23. A comparison of Ms. Lewandowski's old office to the office to which defendant assigned her to after she filed her Charge of Discrimination is thus relevant. Indeed, at Ms. Lewandowski's deposition, defendant examined her as to the layout of the offices. See, 10/12/2010 letter from D. Lee to J. Kay, attached to this Motion as Exhibit 2, at p. 2. Photographs, descriptions, etc., of the two offices could be exhibits. Thus there is no good reason to deny the inspection and

-2-

photographing, so defendant's objections should be overruled and the inspection of premises compelled.

**Production of documents**

3.  Plaintiff's Request to Inspect #11 was narrowed by negotiations between counsel. As a result of that negotiation, Request to Inspect #11 now reads:

> "11. Any e-mail from July 1, 2005, through December 31, 2007, that references Ms. Lewandowski by name or otherwise, except not e-mails that reference Ms. Lewandowski only because the e-mail was sent to all staff members and/or to all students."

See, 11/10/2010 email from D. Lee to J. Kay, attached to this Motion as Exhibit 3.

Reason to compel:

> Because counsel for defendant agreed to this Request as narrowed by counsel's negotiation (see, id.), production of these e-mails should be compelled.

4.  Plaintiff's Request to Inspect 16 and defendant's Response were:

> "16. All documents you provided to the Equal Employment Opportunity Commission concerning or referring to Ms. Lewandowski's Charges of Discrimination.
>
> Response: The defendant will produce documents responsive to this request, pursuant to a protective order entered in this matter."

See, defendant's Response to plaintiff's Requests to Inspect, attached to this Motion as Exhibit 5, at #16.

Reason to compel:

> Because these documents concern plaintiff's Charge of Discrimination, there is no obvious reason for a protective order

-3-

nor has defendant ever proposed one. See, Declaration of David L. Lee, attached to this Motion as Exhibit 1, at ¶5. This is basic discovery and should be compelled.

5.    Plaintiff's Request to Inspect 17 and defendant's Response were:

> "17. All Charges of Discrimination filed against you at any time from January 1, 2003, to the present.
>
> Response:    The defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence."

See, defendant's Response to plaintiff's Requests to Inspect, attached to this Motion as Exhibit 5, at #17.

Reason to compel:

> So-called "me too" evidence can be relevant and admissible. See, Sprint/United Management Co. v. Mendelsohn, 552 US 379 (2008). Other Charges of Discrimination filed against defendant are an obvious source of witnesses who could provide such evidence. Other Charges of Discrimination also could provide evidence on the "notice" and "effectiveness" elements of the Farragher/Ellerth affirmative defense defendant has pled. See, Order of 10/20/2010 (doc. #48) granting defendant leave to file affirmative defenses.

6.    Plaintiff's Request to Inspect 18 and defendant's Response were:

> "18. All complaints filed against you with the U.S. Department of Labor concerning the Family and Medical Leave Act at any time from January 1, 2003, to the present.

> Response: The defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence."

See, defendant's Response to plaintiff's Requests to Inspect, attached to this Motion as Exhibit 5, at #18.

Reason to compel:

> Other complaints of Family and Medical Leave Act violations are also a source of "me too" evidence that can be relevant and admissible and therefore should be compelled. See, Sprint/United Management Co. v. Mendelsohn, 552 US 379 (2008).

**Interrogatory**

7.  Plaintiff's Interrogatory 8 and defendant's Response were:

> "8. If you contend that anything prevents or militates against your reinstating Ms. Lewandowski to her position with you (or to any comparable positions) should she prevail in this case, then list all facts concerning your contention, identify all persons with knowledge of each such fact, and identify all documents memorializing each such fact.
>
> Answer: Objection. This interrogatory seeks information based upon future hypothetical circumstances, calls for speculation and is irrelevant to the claims and defenses asserted in this litigation."

See, defendant's Answers to plaintiff's Interrogatories, attached to this Motion as Exhibit 6, at #8.

Reason to compel:

> Ms. Lewandowski has prayed for reinstatement in this action. See, First Amended Complaint (doc #7) at prayers to Counts I (sexual harassment), II (Title VII retaliation), III (FMLA

-5-

retaliation) and IV (FMLA interference). Any existing reasons defendant has for opposing any such reinstatement are therefore relevant, and an answer to this Interrogatory should be compelled.

*Wherefore*, plaintiff moves to overrule defendant's objections to Requests to Inspect ##1, 17, and 18 and to Interrogatory #8, to compel inspection of premises pursuant to Request to Inspect #1, to compel production of documents pursuant to Requests to Inspect ##11, 16, 17, and 18 , and to compel an answer to Interrogatory #8.

                                      Lisa Lewandowski,
                                              plaintiff,

By:     s/David L. Lee
                Her attorney

**Proof of service**: David L. Lee, an attorney, certifies that this Motion was served on defendant's attorney by ECF on January 8, 2011.

                              s/David L. Lee
                                      David L. Lee

David L. Lee
ARDC #1604422
LAW OFFICES OF DAVID L. LEE
53 W. Jackson Blvd., Suite 505
Chicago, IL 60604
312-347-4400
d-lee@davidleelaw.com

-6-