### *In the United States District Court for the Northern District of Illinois Eastern Division*

| | |
|---|---|
| Lisa Lewandowski,<br><br>      plaintiff,<br><br>– v –<br><br>Columbia College Chicago, an Illinois not-for-profit corporation,<br><br>      defendant. | **#09 CV 04949**<br><br>Judge Manning<br><br>Magistrate Judge Kim<br><br>**Jury demanded** |

## Joint Statement of Facts on Cross-Motions for Summary Judgment

The parties agree for purposes of the cross-motions for summary judgment only that the following facts are true:

### Parties

1.        Plaintiff is Lisa Lewandowski, a former employee of Columbia's.  [Answer to Amended Complaint (doc. #11) at ¶2.]

2.        Defendant is Columbia College Chicago.  [Answer to Amended Complaint (doc. #11) at ¶3.]

### Title VII coverage

3.        From May 1, 2005 through Columbia's decision to terminate Ms. Lewandowski's employment, among other times, Ms. Lewandowski was an "employee" of Columbia's within the definition of §701(f) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(f)].  [Defendant's Answers to Requests for Admissions at ¶5.]

4.        From May 1, 2005 through Columbia's decision to terminate Ms. Lewandowski's employment, among other times, Columbia was an

"employer" within the definition of §701(b) of Title VII of the Civil Rights Act of 1964 [42 U.S.C. §2000e(b)]. [Defendant's Answers to Requests for Admissions at ¶6.]

## FMLA coverage

5.      From September 1, 2007, through Columbia's decision to terminate Ms. Lewandowski's employment, among other times, Columbia was an "employer" within the definition of §101(4)(A) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)]. [Defendant's Answers to Requests for Admissions at ¶3.]

6.      From September 1, 2007, through Columbia's decision to terminate Ms. Lewandowski's employment, among other times, Ms. Lewandowski was an "eligible employee" within the definition of §101(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2611(2)]. [Admitted, defendant's Answers to Requests for Admissions at ¶4.]

## Jurisdiction

7.      This Court has jurisdiction under §706(f)(3) of Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000e-5(f)(3)], under §107(a)(2) of the Family and Medical Leave Act of 1993 [29 U.S.C. §2617(a)(2)], and under §§1331 and 1343 of the Judicial Code [28 U.S.C. §§1331, 1343]. [Admitted, Answer to Amended Complaint (doc. #11) at ¶29.]

## Alleged sexual harassment

8.      In October 2006, Ms. Lewandowski was the Assistant to the Dean of Columbia's School of Fine and Performing Arts. [Answer to the Amended

Complaint (doc. #11) at ¶7.]

9.    In October 2006, Leonard Lehrer was the Dean of Columbia's School of Fine and Performing Arts and, as such, Ms. Lewandowski's direct supervisor, with the ability to fire and/or promote Ms. Lewandowski and approve and/or deny her a raise. [Answer to Amended Complaint (doc. #11) at ¶7; defendant's Answers to Requests for Admissions at ¶77, ¶78, and ¶79.]

10.    On October 11, 2006, Ms. Lewandowski complained to Patricia Olalde of Columbia's Human Resources department that Dean Lehrer allegedly had sexually harassed her. [Olalde dep, p. 6, line 20 - p. 7, line 23, p. 8, line 12 - p. 9, line 25.]

11.    On October 11, 2006, Ms. Lewandowski told Ms. Olalde that Dean Lehrer was being overly friendly. [Lewandowski dep, p. 143, ln. 4.]

12.    On October 11, 2006, Ms. Lewandowski reported to Ms. Olalde Dean Lehrer's conduct from the day before. [Lewandowski dep, p. 144, ln. 18-23.]

13.    Ms. Lewandowski knew to speak to Ms. Olalde regarding the allegations against Dean Lehrer because Ms. Lewandowski had learned during Columbia's sexual harassment training that complaints should be made to the human resources department. [Lewandowski dep, p. 143, ln. 23-24; p. 144, ln. 1-3.]

14.    On October 12, 2006, Ms. Olalde sent an e-mail to Ms. Lewandowski to ask her how things were going. [Lewandowski dep, p. 159, ln. 22-24; p. 160, ln. 1-5.]

15.    At the direction of Assistant Vice President Stephanie Griffin and Provost Steven Kapelke, Ms. Olalde interviewed Dean Lehrer on October 18, 2006, about

Ms. Lewandowski's complaint of alleged sexual harassment. [Olalde dep, p. 12, line 18 - p. 13, line 25.]

16.      Ms. Olalde recommended that Ms. Lewandowski not be present in the Dean's office when Ms. Olalde questioned Dean Lehrer about Ms. Lewandowski's complaint. [Lewandowski dep, p. 13-20.]

17.      Before taking Dean Lehrer's statement in Columbia's investigation of Ms. Lewandowski's complaint of sexual harassment, Ms. Olalde informed Dean Lehrer that his interview was part of Columbia's investigation into Ms. Lewandowski's complaint of sexual harassment. [Olalde dep, p. 11, line 18 - p. 12, line 9.]

18.      On October 18, 2006, Ms. Olalde reported to Ms. Lewandowski that the information had been investigated and that she was going to inform the Provost and would report back to her after the Provost had been informed. [Lewandowski dep, p. 166, ln. 3-16.]

19.      Stephanie Griffin of Columbia's human resources department suggested to Ms. Lewandowski that she should take time off so that she would not have to be in the office on days when Dean Lehrer was working in the office. Ms. Lewandowski accepted that suggestion. [Lewandowski dep, p. 166, ln. 23-24; p. 167, ln. 1-8.]

20.      Columbia permitted Ms. Lewandowski to take time off away from the office in October and November 2006. [Lewandowski dep, p. 169, ln. 6-14.]

21.      At the time Steven Kapelke, Columbia's Provost and Vice President for Academic Affairs, was advised regarding Ms. Lewandowski's report, he was

traveling in Europe.  [Kapelke dep, p. 36, ln. 14-17.]

22.      Ms. Lewandowski took FMLA leave from mid-December 2006 until February 2007.  [Lewandowski dep, p. 174, ln. 1-9.]

23.      In December 2006, Ms. Lewandowski was offered a transfer to the Associate Provost's office.  [Lewandowski dep, p. 176, ln. 21-24.]

24.      The position Ms. Lewandowski was transferred to was Assistant to the Associate Provost.  [Lewandowski dep, p. 176, ln. 21-24.]

25.      Ms. Lewandowski's pay as Assistant to the Associate Provost was the same pay she received as assistant to Dean Lehrer.  [Lewandowski dep, p. 177, ln. 1-4.]

26.      Ms. Lewandowski's benefits as Assistant to the Associate Provost were the same as those she received as assistant to Dean Lehrer.  [Lewandowski dep, p. 177, ln. 5-6.]

27.      While Ms. Lewandowski worked for the Associate Provost, she was not required to interact with Dean Lehrer and had no contact with him. [Lewandowski dep, p. 177, ln. 12-19.]

28.      Ms. Lewandowski's salary and benefits remained unchanged during the time she was transferred back to the Dean's office.  [Lewandowski dep, p. 183, ln. 21-24; p. 184, ln. 1-4.]

29.      Ms. Lewandowski does not know who sent her harassing e-mails. [Lewandowski dep, p. 249, ln. 6-7; p. 250, ln. 1-8.]

30.      Ms. Lewandowski received Columbia's Anti-Discrimination and Harassment Policy while employed at the College.  She read the policy. [Lewandowski dep, p. 261, ln. 19-24; p. 262, ln. 1-3.]

## **Alleged FMLA violations**

31.        In approximately August 2007, Ms. Lewandowski was the Assistant to the Dean of Columbia's School of Fine and Performing Arts.  [Answer to Amended Complaint (doc. #11) at ¶22.]

32.        In approximately August 2007, Eliza Nichols became the Dean of Columbia's School of Fine and Performing Arts and, as such, Ms. Lewandowski's direct supervisor.  [Answer to Amended Complaint (doc. #11) at ¶24.]

33.        On approximately September 25, 2007, Columbia received from Ms. Lewandowski a written request for leave under the Family and Medical Leave Act to begin on October 18, 2007.  [9/25/2007 FMLA Request form, Exhibit 7 to the Amended Complaint (doc. #7-8); defendant's Amended Answers to Select Requests for Admissions at ¶1.]

34.        The written request for Family and Medical Leave Act leave that Columbia received from Ms. Lewandowski stated that the leave was needed for "Hospital Care".  [9/25/2007 FMLA Request form,  Exhibit 7 to the Amended Complaint (doc. #7-8); defendant's Amended Answers to Select Requests for Admissions at ¶1.]

35.        Dean Nichols signed and approved Ms. Lewandowski's Family and Medical Leave Act request.  [Defendant's Answers to Requests for Admissions at ¶¶81 and 89; defendant's Amended Responses to Select Requests for Admissions at ¶1; Nichols 30(b)6 dep, p. 13, lines 14 - 21.]

36.        When Dean Nichols questioned Ms. Lewandowski about why she had communicated directly with the Department Chairs, Ms. Lewandowski told her

that the Chairs had initiated the contact with Ms. Lewandowski and that she had communicated with them in response to their solicitation. [Nichols 30(b)6 dep, p. 38, ln. 14-20; Lewandowski dep, p. 213, ln. 9-11.]

37.     As an employee of Columbia College Chicago and as Dean, Nichols has been trained to understand that it is unlawful to retaliate against an employee who exercises her rights under the FMLA. [Nichols 30(b)6 dep, p. 61, ln. 8-19.]

38.     As an employee of Columbia College Chicago and as Dean, Nichols has been trained to understand that she is not to interfere with an employee's exercise of her FMLA rights. [Nichols 30(b)6 dep, p. 61, ln. 20-23.]

## Columbia's termination of Ms. Lewandowski's employment

39.     On October 17, 2007, Dean Nichols fired Ms. Lewandowski. [Employment Status Confirmation, Exhibit 104 to plaintiff's Requests for Admissions, admitted genuine defendant's Answers to Plaintiff's Requests for Admissions, at ¶1; Nichols 30(b)6 dep, p. 13 line 14 - p. 15 line 22.]

Lisa Lewandowski,                                                   Columbia College Chicago,
plaintiff,                                                                           defendant,


By:     s/David L. Lee                               By:     s/Jennifer H. Kay
        David L. Lee                                                  Jennifer H. Kay
        ARDC #1604422                                          ARDC #6226867
        LAW OFFICES OF DAVID L. LEE         TRIBLER ORPETT & MEYER, P.C.
        53 W. Jackson Blvd., Suite 505         225 W. Washington Street, Suite 1300
        Chicago, IL 60604                              Chicago, IL 60606
        312-347-4400                                    312-201-4619
        d-lee@davidleelaw.com                    jhkay@tribler.com